**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| |
|---|
| DEKENDRA FOUNTAIN, |
| Plaintiff, |
| vs. |
| PULL-A-PART OF BATON ROUGE, LLC, and LUKE LAFLUER, |
| Defendants. |

Case No.: 3:26-cv-00590

**COMPLAINT WITH
DEMAND FOR JURY TRIAL**

Plaintiff Dekendra Fountain (hereinafter the "Plaintiff"), by and through her attorneys, Sage Legal LLC, hereby complains of the Defendants Pull-A-Part Of Baton Rouge, LLC (hereinafter "Pull-A-Part" or the "Corporate Defendant") and Luke LaFluer (hereinafter "LaFluer" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this case alleging that Defendants had violated the Family and Medical Leave Act ("FMLA") (29 U.S.C. §§ 2601–2654) and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. §§ 23:322-23:323, and seeks damages to redress the injuries Plaintiff has suffered as a result of Defendants' interference  with her rights under the FMLA and retaliated against her for her requests and/or need for leave to take care of her daughter's serious health condition.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under federal law, namely, the FMLA.

3.      This Court has supplemental jurisdiction over related state claims of the LEDL against Defendants under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Middle District of the state of Louisiana.

## PARTIES

5.      At all relevant times, Plaintiff was and is a citizen of the State of Louisiana residing in the East Baton Rouge Parish.

6.      Upon information and belief, the Corporate Defendant is a corporation duly existing pursuant to, and by virtue of, laws of Louisiana, which is authorized to do business in this district.

7.      Upon information and belief, the Corporate Defendant employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

8.      Upon information and belief, the Individual Defendant is a citizen of the State of Louisiana.

9.      The Individual Defendant had the power to hire and fire, set schedules, set wages, set the terms and conditions of employment, and maintain employment records over employees of the Corporate Defendant.

10.     The Individual Defendant did, in fact, fire Plaintiff, set her schedule, paid Plaintiff, and otherwise set the terms and conditions of Plaintiff's employment.

11.     Upon information and belief, the Individual Defendant maintained Plaintiff's employment records.

2

12. At all relevant times, Plaintiff was an employee of Defendants, located at 8056 Greenwell Springs Rd, Baton Rouge, LA 70814.

## STATEMENT OF FACTS

13. Plaintiff commenced employment with Defendants in or about July 20, 2019, wherein she served as a "Parts Pro."

14. On or about March 21, 2024, Plaintiff notified Defendants that her daughter – an immediate family member – had a serious health condition and needed her assistance to take care of her during this difficult time.

15. Namely, Plaintiff's daughter was shot by a stray bullet while she was inside Plaintiff's home.

16. Defendants provided Plaintiff with certification paperwork because she was eligible for unpaid leave under the FMLA.

17. Plaintiff completed the form the same day and submitted it, which they stated was due back by April 15, 2024.

18. On or about April 17, 2024, while Plaintiff was back at the hospital with her daughter, complications arose because the bullet entry wound in her head had not been properly sealed, causing a fluid leak.

19. As a result, Plaintiff's daughter required another surgery to stop brain fluids from leaking.

20. The hospital stay was extended due to Plaintiff's daughter's persistent headaches and dizziness.

21. Because Plaintiff felt her job was at risk, she had her oldest child, who was eighteen (18) at the time, watch over her daughter while Plaintiff went to work.

3

22.	Plaintiff did not want to lose her job, especially since Defendants were not offering any support.

23.	Plaintiff sent over the updated medical records so the Defendants could fax the necessary forms, allowing her to continue taking care of her family until her child fully healed.

24.	Plaintiff even had hospital documents stating that she was not supposed to be working since she was a caregiver to her daughter, but the Defendants disregarded them.

25.	Plaintiff lost weight and eventually made an appointment to see a psychiatrist, as she nearly lost herself during this difficult time—watching her child endure such pain while Defendants failed to support her despite her five (5) years of dedication to her employer.

26.	On or about May 10, 2024, a note was sent by the Defendants to Plaintiff's old address, the home that was shot at.

27.	The note stated that Defendants fired Plaintiff for missing too many days but offered to return her to work part-time for twenty (20) hours a week.

28.	The Individual Defendants also expressed discriminatory views, stating that he did not like Black people and wanted Plaintiff to work for the money while her child was in such a difficult situation.

29.	Defendants' actions have thus exposed it to liability under the FMLA for interference with Plaintiff's rights under the FMLA (29 U.S.C. § 2615(a)(1)).

30.	Plaintiff met the requirement for eligibility under the FMLA due to her daughter's serious health condition, and was eligible as an employee who worked for more than a year and had worked at least 1,250 hours for Defendants.

31.	Defendants were required to restore Plaintiff to her position when she would return from leave (29 C.F.R. § 825.220(b)).

32. Rather than providing leave as required and reinstating her, Defendants unlawfully fired Plaintiff.

33. As a result of Defendants' actions, Plaintiff has suffered significant damages, including monetary losses, loss of benefits, attorneys' fees and costs.

34. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

35. Defendants conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

36. As such, Plaintiff demands punitive damages as against Defendants.

### AS A FIRST CAUSE OF ACTION FOR INTERFERENCE UNDER THE FMLA

37. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

38. Plaintiff was an eligible employee under the FMLA, and Defendants are an employer covered by the FMLA.

39. Plaintiff was entitled to take protected FMLA leave for her daughter's qualifying serious health condition.

40. Plaintiff provided Defendants with sufficient notice of the need for FMLA leave.

41. Defendants interfered with, restrained, and/or denied Plaintiff's exercise of rights under the FMLA, including by failing to approve leave and/or terminating Plaintiff.

42. As a direct result of Defendants' conduct, Plaintiff suffered lost wages, benefits, and other damages.

43. Defendants' conduct violated 29 U.S.C. § 2615(a)(1).

## AS A SECOND CAUSE OF ACTION FOR RETALIATION/DISCRIMINATION UNDER THE FMLA

44.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

45.     Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained of here.

46.     Defendants, despite actual knowledge of the serious medical condition of Plaintiff's daughter, simply ignored the same and nonetheless scheduled Plaintiff for full workdays.

47.     When Plaintiff insisted Defendants for a reasonable accommodation, Defendant decided to terminate Plaintiff's employment.

48.     Plaintiff suffered an adverse employment action when she was wrongfully terminated.

49.     Defendants' alleged reason for terminating Plaintiff's employment is pretextual and baseless. They fired Plaintiff because she asserted a right recognized under the FMLA.

50.     Defendants' conduct constitutes unlawful retaliation against Plaintiff in violation of her rights under the FMLA, 29 U.S.C. § 2615(a)(2).

51.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including past and future lost wages and benefits.

52.     Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

6

## AS A THIRD CAUSE OF ACTION FOR DISABILITY DISCRIMINATION
## UNDER THE LEDL

53.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54.    At all relevant times, Plaintiff was disabled within the meaning of the LEDL, La. R.S. § 23:322, or Defendant regarded Plaintiff as disabled.

55.    Plaintiff was qualified to perform the essential functions of the position, with or without reasonable accommodation.

56.    Defendants were aware of Plaintiff's disability and/or medical condition.

57.    Defendants discriminated against Plaintiff because of Plaintiff's disability and/or perceived disability, including by terminating Plaintiff's employment.

58.    Defendants' conduct violated the Louisiana Employment Discrimination Law, including La. R.S. §§ 23:321 and 23:323.

59.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages, including lost wages, lost benefits, emotional distress, and other damages.

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE LEDL

60.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61.    Plaintiff engaged in protected activity by opposing disability discrimination and/or requesting reasonable accommodation and protected medical leave.

62.    Defendants knew Plaintiff engaged in protected activity.

63.    Thereafter, Defendants subjected Plaintiff to adverse employment actions, including termination.

7

64.    Defendants took these actions because Plaintiff engaged in protected activity.

65.    Defendants' conduct violated the anti-retaliation provisions of the Louisiana Employment Discrimination Law, including La. R.S. § 23:323.

66.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered lost wages, benefits, emotional distress, and other damages.

## JURY DEMAND AND PRAYER FOR RELIEF

67.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial on all issues to be tried.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FMLA in that Defendants interfered with her rights under the FMLA and retaliated against her for her requests and/or need for leave to take care of her daughter's serious health condition;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the LEDL in that Defendants discriminated against Plaintiff's disability and retaliated against her for her requests and/or need for leave to take care of her own serious health condition;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the

prosecution of the action;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just

and proper to remedy the Defendants' unlawful employment practices.

Dated: Flushing, New York
       May 29, 2026                                    Respectfully submitted,

                                                       **SAGE LEGAL LLC**

                                                       *By:   /s/ Emanuel Kataev, Esq.*
                                                       Emanuel Kataev, Esq.
                                                       *Pro hac vice motion forthcoming*
                                                       18211 Jamaica Avenue
                                                       Jamaica, NY 11423-2327
                                                       (718) 412-2421 (office)
                                                       (917) 807-7819 (cellular)
                                                       (718) 489-4155 (facsimile)
                                                       emanuel@sagelegal.nyc

                                                       *Attorneys for Plaintiff*
                                                       *Dekendra Fountain*