**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DEKENDRA FOUNTAIN**                                                      **CIVIL ACTION**

**VERSUS**                                                              **NO. 26-590-BAJ-EWD**

**PULL-A-PART OF BATON**
**ROUGE, LLC, ET AL.**

## ORDER TO SHOW CAUSE

On June 7, 2026, a Complaint with Demand for Jury Trial ("Complaint")[1] was filed on behalf of Dekendra Fountain ("Plaintiff") by attorney Emanuel Kataev ("Kataev") of Sage Legal LLC. However, Kataev is not admitted to practice before this Court in this case.[2] Kataev also did not seek admission to represent Plaintiff *pro hac vice* in this case, nor is local counsel enrolled, both as required under Local Civil Rule 83(b)(8).[3] The Complaint was, therefore, deficiently filed. On June 8, 2026, Kataev was ordered to correct the deficiency by no later than June 18, 2026. Kataev was warned that failure to comply with this Deficiency Notice and Order may result in the dismissal of this proceeding without prejudice and without further notice.[4]

On June 18, 2026, Kataev electronically filed a Motion to Permit Visiting Attorney to Participate Pro Hac Vice ("PHV Motion"), which was signed by local attorney David Moyer.[5] The PHV Motion was deficient on several grounds, and therefore denied. As explained in the Court's June 30, 2026 Order, under Local Civil Rule 83(b)(8)(A), an attorney who is not a member of the bar of this Court may appear *pro hac vice* only upon the written motion of counsel of record who

---

[1] R. Doc. 1.

[2] Kataev is required to either become a member of the bar of this Court or seek *pro hac vice* admission and enroll local counsel in every case filed in this Court in which Kataev seeks to represent a party.

[3] https://www.lamd.uscourts.gov/sites/default/files/pdf/2022%20Local%20Rules%20Revisions%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.pdf

[4] R. Doc. 3.

[5] R. Doc. 4.

is a member of the bar of this Court.[6] Kataev's motion was not electronically filed by local counsel as required by the Court's Administrative Procedures for Electronic Filing,[7] and local counsel, Moyer, is not formally enrolled in this case. Moyer's Notice of Appearance[8] is insufficient to formally enroll Moyer in the case. Moyer must file an appropriate motion to enroll. The PHV Motion was also deficient because it failed to attach a certificate of good standing for Kataev that complies with the Local Civil Rule 83(b)(8)(B).

Kataev was given until July 7, 2026 to cure the deficiencies above, including the enrollment of local counsel, by local counsel, and the filing of a motion for admission *pro hac vice* for Kataev by local counsel that complies with Local Civil Rule 83(b)(8)(A) and (B). Kataev was notified that failure to timely cure the deficiency may result in the dismissal of this action without prejudice and without further notice. Kataev has failed to respond to the Court's June 30, 2026 Order. As it stands, the Complaint that was filed on behalf of Plaintiff Dekendra Fountain is deficient because it is signed by an attorney who is not admitted to practice in this Court and who has not obtained *pro hac vice* admission.

Accordingly,

**IT IS ORDERED** that Emanuel Kataev is ordered to appear and show cause on August 12, 2026 at 11:00 a.m. via Zoom video conference before Magistrate Judge Erin Wilder-Doomes why sanctions should not be imposed for failure to comply with the Court's Orders, including (1)

---

[6] R. Doc. 5.

[7] *See* the Court's Administrative Procedures for Electronic Filing at I.B.(1) ("1. Filing. E-filings must be filed by a party's attorney or an authorized employee of the attorney's office. Documents e-filed by anyone else on behalf of a party may be stricken from the record.").

[8] R. Doc. 2.  As reflected on the docket sheet, the Notice of Appearance did not enroll Moyer in the case as counsel of record for the Plaintiff, who is current listed as a *pro se* party.

the enrollment of local counsel via a motion to enroll filed and signed by local counsel,[9] and (2) the filing of a motion for admission *pro hac vice* by local counsel for Kataev that complies with Local Civil Rule 83(b)(8)(A) and (B). **Participant instructions are attached.**

**IT IS FURTHER ORDERED** that local counsel for Kataev shall submit the required filings described above by no later than **August 7, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send attorney Emanuel Kataev a copy of this Order to Show Cause at his address on the Complaint, 18211 Jamaica Avenue, Jamaica, New York, 11423-2327 and to attorney David Moyer at his address of record at 13551 River Road, Luling, Louisiana, 70070 by regular mail and by certified mail, return receipt requested.

**NOTICE TO COUNSEL: Failure to timely appear as ordered, or to submit the required filings, may result in an award of sanctions, including but not limited to, the dismissal of this case without further notice.**

Signed in Baton Rouge, Louisiana, July 22, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] If Plaintiff no longer seeks *pro hac vice* admission for Kataev, then, after local counsel is granted leave to enroll, local counsel must seek leave to file an amended Complaint that is signed by local counsel.