**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEKENDRA FOUNTAIN,<br><br>Plaintiff,<br><br>vs.<br><br>PULL-A-PART OF BATON ROUGE, LLC, and LUKE LAFLUER,<br><br>Defendants. | Case No.: 3:26-cv-590 (BAJ) (EWD)<br><br>**MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS, SUBMIT STATUS REPORT AND TO CONTINUE CONFERENCE** |

Plaintiff Dekendra Fountain (hereinafter "Fountain" or "Plaintiff"), by and through her undersigned counsel, Sage Legal LLC ("Sage"), writes to respectfully request an extension of time to serve the Defendants, submit a status report as required by this Court's Order dated August 11, 2026 (ECF Docket Entry 13), and to adjourn the scheduling conference slated to proceed on September 24, 2026.

This action was commenced on May 29, 2026, by the filing of the Complaint together with proposed summonses for both Defendants. See ECF Docket Entry ("ECF") 1. Counsel of record has since determined that the summonses and Complaint were not transmitted for service, and no proof of service has been filed. Plaintiff therefore seeks an extension of time under Rule 4(m) of the Federal Rules of Civil Procedure (the "Rules" or "Rule"). The delay in service was not the product of abandonment of the claims or of any intent to stall this proceeding. As set forth below, the period following commencement was consumed by the need to cure counsel's admission status under Local Civil Rule 83(b)(8); support staff who has since been terminated by Sage then failed to send the Complaint and summonses out for service; and undersigned counsel discovered the omission on September 1, 2026, while preparing to comply with this Court's August 11, 2026 Order (ECF 13), and immediately directed that service be effected.

## I. Procedural History Relevant to Service and the Status Report

The Complaint named Pull-A-Part of Baton Rouge, LLC and Luke LaFluer as Defendants and attached proposed summonses. ECF 1, 1-2, and 1-3. On June 1, 2026, local counsel David S. Moyer, Esq. filed a notice of appearance. ECF 2. On June 8, 2026, the Court issued a Deficiency Notice and Order explaining that undersigned counsel was not admitted to practice before this Court, had not sought admission pro hac vice, and that local counsel was not enrolled as required by Local Civil Rule 83(b)(8), and directing that the deficiency be cured by June 18, 2026. ECF 3.

Plaintiff timely filed a motion for admission *pro hac vice* on June 18, 2026. ECF 4. On June 30, 2026, that motion was denied because it had not been filed by enrolled local counsel and did not attach a complying certificate of good standing, and the Court afforded seven additional days to cure, warning that failure to do so could result in dismissal without prejudice. ECF 5. On July 22, 2026, the Court issued an Order to Show Cause setting an August 12, 2026 hearing and directing that local counsel enroll and that a complying pro hac vice motion be filed by August 7, 2026. ECF 6.

In light of the Order to show cause, local counsel filed a motion to enroll on August 5, 2026, which the Court granted *nunc pro tunc* on August 7, 2026. ECF 8 and 9. The same day, local counsel filed a renewed motion for undersigned counsel to appear *pro hac vice*, which the Court granted on August 10, 2026, and the show-cause hearing was canceled. ECF 10, 11, and 12. Only at that point were both local counsel enrolled and visiting counsel admitted to proceed in this case. The following day, August 11, 2026, the Court entered the Scheduling Conference Order setting a status-report deadline of September 10, 2026, and a scheduling conference for September 24, 2026, at 9:30 a.m. in chambers. ECF 13.

That Order assigns to Plaintiff's counsel the duty to provide Defendants with a copy of the Order and Attachment A and to prepare, sign, and file the status report, and it provides that "[n]o party may submit a separate status report without first obtaining leave of court for good cause shown." Id.

On September 1, 2026, while conferring with local counsel regarding the upcoming status report and conference, undersigned counsel determined that no proof of service had been filed and that the Complaint and summonses had not gone out for service. Counsel immediately instructed his new support staff to effect service. The omission is attributable to former support staff, since terminated by Sage, who had been tasked with transmitting the papers to a process server once counsel's admission was in order and who failed to do so. The Plaintiff awaits a return of service from the process server.

Defendants have not appeared. A joint status report therefore cannot be completed as the Order contemplates, and a chambers conference fourteen days from now would precede any appearance by Defendants and any Rule 26(f) conference. Plaintiff is prepared to file a standalone status report if the Court requires one, and respectfully seeks leave to do so to the extent the Court does not adjourn the report deadline *sine die*.

**II. The Court Should Extend the Time for Service Under Rule 4(m)**

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." See Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Even absent good cause, the Court has discretion to enlarge the time for service. See Henderson v. United States, 517 U.S. 654, 662 (1996) (the 1993 amendments "accorded [courts] discretion to enlarge the [service] period even if there is no good cause shown"); see also Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment; Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008); Thrasher v. City of Amarillo, 709 F.3d 509, 512 (5th Cir. 2013).

Good cause under Rule 4(m) requires at least as much as excusable neglect, together with good faith and a reasonable basis for noncompliance. See Thrasher, 709 F.3d at 512; see also Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990) (*per curiam*). The Court may nevertheless exercise its discretion to extend service where the delay is short, the defendant is not prejudiced, the plaintiff has acted in good faith upon discovering the lapse, and dismissal would not serve the interests of justice. See Henderson, 517 U.S. at 662; see also Millan, 546 F.3d at 325–26 (dismissals that are effectively with prejudice are reserved for a clear record of delay or contumacious conduct and a determination that lesser sanctions would not suffice).

Those considerations support an extension here. First, the 90-day period ran on August 27, 2026, only seventeen (17) days after visiting counsel was first authorized to appear and sixteen (16) days after the Scheduling Conference Order issued. The intervening period was consumed by the admission process this Court required under Local Civil Rule 83(b)(8), including a deficiency order, a denied first motion for admission *pro hac vice*, an order to show cause, enrollment of local counsel *nunc pro tunc*, and a renewed motion for admission *pro hac vice* that was granted on August 10, 2026. ECF 3-12. Plaintiff did not sit idle; the docket reflects continuous efforts to place counsel in a position to proceed.

Second, once admission was in order, the failure to place the papers with a process server was the product of now-terminated support staff, not of any decision by Plaintiff or of contumacious conduct by counsel. Upon discovering the omission on September 1, 2026, counsel promptly directed that service be made and that this motion be filed in advance of the status-report deadline. That is the opposite of the prolonged inactivity condemned in Thrasher.

Third, Defendants will suffer no cognizable prejudice from a modest enlargement. They have not appeared, no discovery has opened, and the case remains at a nascent stage. An extension of sixty (60) days from the date of the Order granting this motion through November 10, 2026 will permit service under Rule 4 and the subsequent appearance needed to conduct a meaningful Rule 26(f) conference and to prepare the joint status report the Court has ordered.

Fourth, Plaintiff has proceeded in good faith. She filed proposed summonses with the Complaint, retained local counsel, paid the *pro hac vice* admission fee twice, cured every deficiency the Court identified, and now seeks relief as soon as the service lapse was known. Dismissal under Rule 4(m) is without prejudice in form, but it would impose needless cost and delay on a plaintiff who has been prosecuting the case, would prejudice Plaintiff to the extent that the statute of limitations on any of her claims have expired, and it is the lesser sanction of a defined service deadline that Rule 4(m) itself prefers where an extension will cure the default.

**III. The Status-Report Deadline Should Be Extended and the September 24 Conference Adjourned**

Rule 6(b)(1)(A) permits the Court, for good cause, to extend a deadline with or without motion if the request is made before the original time expires. See Fed. R. Civ. P. 6(b)(1)(A). The September 24, 2026 conference has not yet occurred. The status-report deadline is today. This application is made on the date the report is due and before the conference, and good cause exists for both enlargements.

The August 11, 2026 Order makes Defendants' participation essential. It requires Plaintiff to provide Defendants a copy of the Order and Attachment A, contemplates a joint report addressing jurisdiction, claims and defenses, damages, service, discovery, and a proposed schedule, forbids a separate report absent leave, and uses the report to decide whether the conference should proceed, be reset, or be canceled in favor of a scheduling order. ECF 13. None of that can occur while Defendants have not yet appeared. Initial disclosures under Local Rule 26(b) are likewise tied to the conference date. A chambers conference on September 24 would precede service, appearance, and any Rule 26(f) conference, and would not advance the purposes of the Order.

Plaintiff therefore requests that the time to file the status report be extended *sine die* until fourteen (14) days after Defendants appear, or such other date as the Court sets after service is effected, and that the September 24, 2026 conference be adjourned to a date after the report is on file. In the alternative, Plaintiff requests leave under the Order to file a standalone status report identifying the service issue and reserving all scheduling proposals until Defendants appear.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order (1) extending the time to serve Defendants under Rule 4(m) through and including 60 days from the date of the Order, or through November 10, 2026; (2) extending the deadline to file the status report required by the August 11, 2026 Order (ECF No. 13) until 14 days after Defendants appear, or granting leave to file a standalone status report; (3) adjourning the September 24, 2026 scheduling conference to a date after the status report is filed; and (4) granting such other and further relief as the Court deems just, equitable, and proper, pursuant to Rules 4(m) and 6(b)(1)(A).

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
September 10, 2026

Respectfully submitted

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Dekendra Fountain*