**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEKENDRA FOUNTAIN,<br><br>Plaintiff,<br><br>vs.<br><br>PULL-A-PART OF BATON ROUGE, LLC, and LUKE LAFLUER,<br><br>Defendants. | Case No.: 3:26-cv-590 (BAJ) (EWD)<br><br>**JOINT STATUS REPORT** |

Plaintiff Dekendra Fountain (hereinafter the "Plaintiff") and Defendants Pull-A-Part of Baton Rouge, LLC (hereinafter "Pull-A-Part" or the "Corporate Defendant") and Luke LaFluer (hereinafter "LaFluer" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants," and together with Plaintiff, the "parties"), by and through their undersigned counsel, respectfully submit this Joint Status Report pursuant to this Court's Scheduling Conference Order dated August 11, 2026 and Attachment A thereto (ECF Docket Entry ("ECF") 13) and this Court's Order dated September 14, 2026 (ECF 16), which directed the parties to file a Joint Status Report by November 20, 2026 and reset the Scheduling Conference for Thursday, December 3, 2026, at 10:00 a.m. in chambers.

## A. JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's claims under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. §§ 23:301 *et seq.*, pursuant to 28 U.S.C. § 1367(a). Defendants do not contest subject matter jurisdiction.

**B. BRIEF EXPLANATION OF THE CASE**

1. Plaintiff claims:

Plaintiff worked for Defendants as a "Parts Pro" at Pull-A-Part's location at 8056 Greenwell Springs Road, Baton Rouge, Louisiana from on or about July 20, 2019. On or about March 21, 2024, Plaintiff notified Defendants that her daughter had suffered a serious health condition after being struck by a stray bullet inside Plaintiff's home, and Defendants provided Plaintiff with FMLA certification paperwork, which Plaintiff completed and returned. After her daughter required additional surgery in April 2024, Plaintiff provided updated medical documentation. On or about May 10, 2024, Defendants terminated Plaintiff's employment for missing too many days, while offering to return her to work part time for twenty (20) hours per week. Plaintiff also alleges that the Individual Defendant, who had the power to hire and fire and who set the terms and conditions of her employment, expressed discriminatory views toward her. Plaintiff asserts claims for (1) interference with her FMLA rights, 29 U.S.C. § 2615(a)(1); (2) retaliation in violation of the FMLA, 29 U.S.C. § 2615(a)(2); (3) discrimination under the LEDL; and (4) retaliation under the LEDL. Plaintiff seeks back pay, front pay, liquidated damages, compensatory damages, attorneys' fees and costs, and interest.

2. Defendant claims:

Plaintiff was terminated for non-discriminatory reasons unrelated to any alleged FMLA or LEDL claims. Luke LaFleur did not express discriminatory views towards Plaintiff. As discovery in this matter is ongoing, Defendants do not yet have sufficient information at this time to comment as to the complete explanation of the case and will supplement this response as additional information is received.

## C. PENDING MOTIONS

Defendants filed a Motion to Substitute Counsel on 11/20/2026 respectfully requesting that Edward F. Harold and David J. Creighton of Fisher & Phillips LLP be enrolled as counsel of record for Defendants, and that Tiffany Downs and Corey Bartkus of Barnes & Thornburg, LLP be withdrawn as counsel of record.

### D. ISSUES

The principal legal issues, all of which are in dispute, include: (1) whether Plaintiff was an eligible employee entitled to FMLA leave to care for her daughter's serious health condition and provided sufficient notice; (2) whether Defendants interfered with, restrained, or denied Plaintiff's exercise of FMLA rights; (3) whether Defendants terminated Plaintiff in retaliation for requesting or taking FMLA leave; (4) whether Plaintiff qualifies as disabled under LEDL; (5) whether Defendants' violations were willful; (6) whether the Individual Defendant is individually liable as an "employer" under 29 U.S.C. § 2611(4)(A)(ii)(I); (7) whether Defendants discriminated or retaliated against Plaintiff in violation of the LEDL; and (8) the nature and amount of Plaintiff's damages, including whether Defendants acted in good faith for purposes of liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii).

## E. DAMAGES

1. <u>Plaintiff's calculation of damages:</u>

Plaintiff calculates her damages, subject to supplementation through discovery, as follows: (a) back pay of approximately $129,800.00, calculated at $1,000.00 per week for the one hundred thirty-two (132) weeks from May 10, 2024 through November 20, 2026, less $2,200.00 in mitigation earnings, and continuing to accrue; (b) liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) in an amount equal to her back pay and interest, presently $129,800.00; (c) front

pay of $26,000.00, calculated at $1,000.00 per week for twenty-six (26) weeks; (d) compensatory damages under the LEDL for emotional distress, in an amount to be determined by the jury; and (e) reasonable attorneys' fees, costs, pre-judgment, and post-judgment interest.

2. Defendant's calculation of offset and/or plaintiff's damages:

Plaintiff was terminated for non-discriminatory reasons unrelated to FMLA or LEDL and is not entitled to any damages. As discovery in this matter is ongoing, Defendants do not yet have sufficient information at this time to comment on mitigation or offset and will supplement this response as information is further obtained.

3. Counterclaimant/cross claimant/third party's calculation of damages:

Not applicable. No counterclaims, cross-claims, or third-party claims have been filed.

**F. SERVICE**

Pull-A-Part was served on October 12, 2026. See ECF 19. A summons was returned unexecuted as to the Individual Defendant on October 22, 2026. See ECF 20. On November 2, 2026, counsel for Defendants filed an ex parte motion for an extension of time to file a responsive pleading on behalf of both Defendants, and on November 3, 2026, this Court set November 23, 2026 as both Defendants' deadline to answer. See ECF 21, 23. The Individual Defendant, through counsel, has agreed to waive service of process and any objection to service, and will answer or otherwise respond by November 23, 2026. There are no unresolved issues as to personal jurisdiction or venue.

**G. DISCOVERY**

1. Initial Disclosures:

A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES [ X ] NO

B. Do any parties object to initial disclosures?

[ ] YES [ X ] NO

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None to date.

By defendant(s): None to date.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery:

Discovery will involve confidential medical records of Plaintiff and of Plaintiff's minor daughter, Plaintiff's mental health treatment records, and Defendants' confidential personnel, payroll, and business records.

The parties anticipate submitting a stipulated protective order governing confidential information, and a HIPAA-qualified protective order as to medical records, for the Court's approval.

4. Discovery from experts:

By plaintiff(s): Plaintiff anticipates offering expert testimony on economic damages and may offer testimony from treating medical and mental health providers.

By defendant(s):

## H. PROPOSED SCHEDULING ORDER

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: **December 18, 2026.**

2. Recommended deadlines to join other parties or to amend the pleadings: **March 1, 2027.**

3. Filing all discovery motions and completing all discovery except experts: **August 2, 2027.**

4. Disclosure of identities and resumés of expert witnesses: **Plaintiff(s): August 16, 2027. Defendant(s): September 15, 2027.**

5. Exchange of expert reports: **Plaintiff(s): September 15, 2027. Defendant(s): October 15, 2027.**

6. Completion of discovery from experts: **November 15, 2027.**

7. Filing dispositive motions and Daubert motions: **December 15, 2027.**

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order, as provided in Attachment A.

9. The parties believe the general outline of proposed deadlines fits the circumstances of this case.

**I. TRIAL**

1. Has a demand for trial by jury been made?

[ X ] YES [ ] NO

2. Estimate the number of days that trial will require.

Three (3) days.

**J. OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES [ X ] NO

ii. If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

[ ] YES [ X ] NO

**K. SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

On August 11, 2025, before this action was filed, Plaintiff's counsel sent Pull-A-Part a written settlement demand. On October 30, 2026, Plaintiff's counsel provided the demand to Defendants' counsel, who advised that Defendants would review it and respond. Defendants have not yet responded.

2. Do the parties wish to have a settlement conference:

[ X ] YES [ ] NO

If your answer is yes, at what stage of litigation would a settlement conference be most beneficial? Plaintiff prefers to conduct a mediation before resorting to a settlement conference.

**L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES [ X ] NO

Report dated: November 20, 2026

Dated: Jamaica, New York
November 20, 2026

Respectfully submitted,

**LAW OFFICES OF DAVID S. MOYER**
*/s/ David S. Moyer*
David S. Moyer
13551 River Road
Luling, LA 70070
(985) 308-1509 (office)
(985) 308-1521 (facsimile)
davidmoyerlaw@gmail.com

*Local Counsel for Plaintiff*
*Dekendra Fountain*

**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq. (admitted pro hac vice)
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Dekendra Fountain*

*/s/ Edward F. Harold*
EDWARD F. HAROLD
Louisiana Bar No. 21672
DAVID J. CREIGHTON
Louisiana Bar No. 35461
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: eharold@fisherphillips.com
dcreighton@fisherphillips.com
**COUNSEL FOR DEFENDANTS**
**PULL-A-PART OF BATON ROUGE, LLC and**
**LUKE LAFLUER**