**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DEKENDRA FOUNTAIN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-00590** |
| | ) | |
| **PULL-A-PART OF BATON ROUGE, LLC, and LUKE LAFLUER,** | ) | |
| | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**DEFENDANTS' ANSWER AND DEFENSES**

Defendants Pull-A-Part of Baton Rouge, LLC ("Pull-A-Part" or "Company") and Luke LaFleur (incorrectly named 'Luke LaFluer') (collectively, "Defendants"), respond to the Complaint of Dekendra Fountain as follows:

**NATURE OF THE ACTION**

1. Defendants deny the allegations of Paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Defendants admit this court has jurisdiction but denies the remaining allegations of Paragraph 2 of the Complaint.

3. Defendants admit that this court has supplemental jurisdiction over Plaintiff's state claims but denies the remaining allegations of Paragraph 3 of the Complaint.

4. Defendants admit that venue is proper in this District but denies the remaining allegations of Paragraph 4 of the Complaint.

**PARTIES**

5. Defendants admit the allegations of Paragraph 5 of the Complaint.

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants admit the allegations of Paragraph 7 of the Complaint.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants admit that Luke LeFleur, as a Store Manager for Pull-A-Part of Baton Rouge, LLC, had the authority to set schedules of employees of Pull-A-Part of Baton Rouge, LLC, but denies the remaining allegations of Paragraph 9 of the Complaint for lack of sufficient information to justify a belief therein.

10. Defendants admit that Luke LeFleur, as a Store Manager for Pull-A-Part of Baton Rouge, LLC, had the authority to set schedules of employees of Pull-A-Part of Baton Rouge, LLC, but denies the remaining allegations of Paragraph 10 of the Complaint for lack of sufficient information to justify a belief therein.

11. Defendants deny the allegations of Paragraph 11 of the Complaint for lack of sufficient information to justify a belief therein.

12. Defendants admit that Plaintiff was an employee of Pull-A-Part of Baton Rouge, LLC from July 20, 2019 to June 3, 2024, but deny the remaining allegations of Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

13. Defendants admit that Plaintiff was an employee of Pull-A-Part of Baton Rouge, LLC from July 20, 2019 to June 3, 2024, but deny the remaining allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint for lack of sufficient information to justify a belief therein.

15. Defendants deny the allegations of Paragraph 15 of the Complaint for lack of sufficient information to justify a belief therein.

16. Defendants admit that Pull-A-Part of Baton Rouge, LLC provided FMLA paperwork to Plaintiff, but deny the remaining allegations of Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff submitted incomplete FMLA paperwork to Pull-A-Part of Baton Rouge, LLC and deny the remaining allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint for lack of sufficient information to justify a belief therein.

19. Defendants deny the allegations of Paragraph 19 of the Complaint for lack of sufficient information to justify a belief therein.

20. Defendants deny the allegations of Paragraph 20 of the Complaint for lack of sufficient information to justify a belief therein.

21. Defendants deny the allegations of Paragraph 21 of the Complaint for lack of sufficient information to justify a belief therein.

22. Defendants deny the allegations of Paragraph 22 of the Complaint for lack of sufficient information to justify a belief therein.

23. Defendants admit that on or about May 23, 2024 Plaintiff sent a medical record for her daughter to Pull-A-Part of Baton Rouge, LLC but deny the remaining allegations of Paragraph 23 for lack of sufficient information to justify a belief therein.

24. Defendants deny the allegations of Paragraph 24 of the Complaint for lack of sufficient information to justify a belief therein.

25. Defendants admit that admit that Plaintiff was an employee of Pull-A-Part of Baton Rouge, LLC from July 20, 2019 to June 3, 2024, but deny the remaining allegations of Paragraph 25 of the Complaint for lack of sufficient information to justify a belief therein.

26. Defendants deny the allegations of Paragraph 26 of the Complaint for lack of sufficient information to justify a belief therein.

27. Defendants deny the allegations of Paragraph 27 for lack of sufficient information to justify a belief therein.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

**AS A FIRST CAUSE OF ACTION FOR INTERFERENCE UNDER THE FMLA**

37. Paragraph 37 of the Complaint is an incorporation paragraph and requires no additional response. To the extent a response is required, Defendant alleges and incorporates all of its responses above. Defendant denies the allegations of Paragraph 37 of the Complaint in an abundance of caution.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint for lack of sufficient information to justify a belief therein.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

**AS A SECOND CAUSE OF ACTION FOR RETALIATION/DISCRIMINATION UNDER THE FMLA**

44. Paragraph 44 of the Complaint is an incorporation paragraph and requires no additional response. To the extent a response is required, Defendant alleges and incorporates all of its responses above. Defendant denies the allegations of Paragraph 44 of the Complaint in an abundance of caution.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint for lack of sufficient information to justify a belief therein.

47. Defendants admit that Plaintiff's employment with Pull-A-Part of Baton Rouge, LLC was terminated on June 3, 2024, but deny the remaining allegations of Paragraph 47 of the Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Complaint.

50. Defendants deny the allegations of Paragraph 50 of the Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Complaint.

**AS A THIRD CAUSE OF ACTION FOR DISABILITY DISCRIMINATION UNDER THE LEDL**

53. Paragraph 53 of the Complaint is an incorporation paragraph and requires no additional response. To the extent a response is required, Defendant alleges and incorporates all of its responses above. Defendants deny the allegations of Paragraph 53 of the Complaint in an abundance of caution.

54. Defendants deny the allegation of Paragraph 54 of the Complaint for lack of information sufficient to form a belief therein.

55. Defendants deny the allegations of Paragraph 55 of the Complaint for lack of sufficient information to justify a belief therein.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

**AS A FOURTH CAUSE OF ACTION FOR RETALIATION**
**UNDER THE LEDL**

60. Paragraph 60 of the Complaint is an incorporation paragraph and requires no additional response. To the extent a response is required, Defendant alleges and incorporates all of its responses above. Defendants deny the allegations of Paragraph 60 of the Complaint in an abundance of caution

61. Defendants deny the allegations of Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Complaint.

66. Defendants deny the allegations of Paragraph 66 of the Complaint.

**JURY DEMAND AND PRAYER FOR RELIEF**

67. Defendants deny that Plaintiff is entitled to a trial by jury as there are no disputed issues of fact for the trier to determine. Defendants deny that Plaintiff is entitled to any relief sought

in her Prayer for Relief. In an abundance of caution, Defendants deny the allegations of Paragraph 67 of the Complaint.

**GENERAL DENIAL**

Any allegations, claims, and prayers contained in Plaintiff's Complaint that have not been specifically admitted or denied are hereby denied.

**AFFIRMATIVE DEFENSES**

NOW FURTHER ANSWERING the allegations of the Complaint, and without admitting any liability to Plaintiff or assuming any burden of production or proof that it would not otherwise bear under applicable law, Defendants assert the following defenses:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Any alleged injury or damage suffered by Plaintiff was in no way caused by, or a result of, any fault, act or omission by Defendants, but was caused by circumstances, persons or entities for whom Defendants are not responsible, including Plaintiff and for whom Defendants cannot be held liable.

**THIRD DEFENSE**

The negligence, want of care, and/or legal fault of persons and/or entities for whom Defendants are not and may not be held responsible, including Plaintiff, were intervening and superseding causes of Plaintiff's alleged damages thus barring and diminishing any recovery against Defendants.

**FOURTH DEFENSE**

The legal fault, negligence, strict liability and/or want of care on the part of circumstances, persons and/or entities for whom Defendants are not responsible, including Plaintiff, contributed to the causation of Plaintiff's alleged damages and comparatively reduces any liability on the part of Defendants.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part by applicable statutes of limitation.

**SIXTH DEFENSE**

Plaintiff failed to mitigate her damages. In the event it is determined that Defendants owe any amount to Plaintiff, which is denied, Defendants are entitled to offset such amounts by any damages Plaintiff caused Defendants.

**SEVENTH DEFENSE**

Plaintiff seeks relief to which she is not entitled.

**EIGHTH DEFENSE**

To the extent any absence Plaintiff had might otherwise have been qualified for FMLA leave, which is denied, it was not FMLA leave because Plaintiff failed to comply with Defendants' usual and customary notice and procedural requirements for requesting leave and no unusual circumstances existed relieving her of this requirement.

**NINTH DEFENSE**

To the extent that Plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that a protected characteristic was a motivating factor in any employment decision at issue (which Defendants absolutely denies), Defendants are entitled to judgment, in whole or in part, because the same

employment decision would have been made irrespective of whether the protected factor was considered.

**WHEREFORE**, having fully answered the Complaint and having asserted its defenses thereto, Defendants respectfully request that the Court deny all relief requested in the Complaint, enter judgment in Defendants' favor dismissing all Plaintiff's claims with prejudice, and grant Defendants such other relief as may be deemed just and appropriate including its attorneys' fees and costs.

Dated: November 23, 2026.

Respectfully submitted,

*/s/ Edward F. Harold*

EDWARD F. HAROLD
Louisiana Bar No. 21672
DAVID J. CREIGHTON
Louisiana Bar No. 35461
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: eharold@fisherphillips.com
dcreighton@fisherphillips.com

**COUNSEL FOR DEFENDANTS PULL-A-PART OF BATON ROUGE, LLC and LUKE LAFLUER**